GARY WARREN STEVENS v. JAMES F. NELSON, d.b.a. JIM NELSON FLYING SERVICE. STATE TREASURER, CUSTODIAN OF SPECIAL COMPENSATION FUND.

244 N. W. 2d 267.

July 9, 1976—No. 46217.

*Joseph W. Parris* and *Timothy A. Olcott*, for relator.

*Sahr, Kunert & Tambornino* and *John L. Tambornino*, for respondent.

PER CURIAM.

Certiorari to review a decision of the Workers' Compensation

---

Board affirming the determination of the compensation judge that petitioner, Gary Warren Stevens, was an employee of relator, James F. Nelson, and thus within the coverage of the compensation act.

Nelson, a spray pilot, met Stevens in the summer of 1971 while fulfilling a contract to spray a farm in the Cannon Falls, Minnesota, area. Stevens was a licensed commercial pilot and at that time was employed as a salesman of prefabricated houses. The actual spraying was being done by Ralph Peterson in a plane he had leased from Nelson. At this chance meeting, Stevens and Nelson had a conversation concerning crop spraying.

In February 1972, Stevens called Nelson, and as a result of that conversation, rented a plane and flew to Windom, Nelson's headquarters, in April 1972. On this trip Nelson flew with Stevens in his rented plane to observe his flying ability. Nelson had two single-seated planes equipped to do crop spraying. On the next three trips to Windom, Stevens flew one of Nelson's planes in simulated crop-spraying flights and was observed and instructed by Nelson during these practice flights.

Stevens testified that he and Nelson discussed Stevens' employment on a part-time basis as a crop-spraying pilot. He said he was to earn 25 cents per acre. He further testified that the day before the accident Nelson gave him a license to apply chemicals which had been issued by the Minnesota Department of Agriculture to Nelson and authorized spraying under the direction of Nelson.

On May 26, 1972, while Stevens was spraying a field which Nelson had contracted to spray, Nelson's plane crashed, causing serious injuries to Stevens.

The claim petition was defended upon Nelson's claim that at the time of the accident Stevens was trying out the plane in contemplation of purchasing it. The board unanimously affirmed the compensation judge's finding that Stevens was an employee of Nelson at the time of the accident. The principal legal issue

raised on appeal is whether the evidence supports that determination.

The hearing on the matter raised only a fact issue. Certain established facts supporting Stevens' claim are:

(1)   Nelson had a need for a pilot. Peterson, who for some time had been renting one of the planes owned by Nelson and had been performing spraying services for him, bought his own plane two or three months prior to the accident and began operating his own flying service.

(2)   Nelson secured a place for Stevens to stay in Windom, where Nelson's planes were kept.

(3)   A disinterested witness testified quite emphatically that Nelson came to the witness' office in Cannon Falls in the spring of 1972 looking for Stevens. On that occasion he told the witness that he was "attempting to hire [Stevens] to do some spraying for him."

(4)   Douglas Grant, who was also a pilot and at times used one of Nelson's planes, was represented by Nelson as a party to a conversation with Stevens to the effect that Stevens contemplated purchasing Nelson's plane. Grant testified that Stevens said only that he was interested in starting a spraying service in Cannon Falls but said nothing about any intention of buying Nelson's plane.

Also, under the circumstances of this case, because Nelson was uninsured, the special compensation fund will have the responsibility of paying this award. The custodian of the fund has the responsibility of seeking reimbursement of the sum paid, plus, in the discretion of the court, punitive damages not exceeding 50 percent of the amount paid. Minn. St. 176.183. Nelson has a substantial financial exposure.

The only undisputed facts supportive of Nelson's position were that Stevens, after the accident, never demanded any pay for his services rendered and that his limited experience as a spray pilot would not justify Nelson's allowing Stevens to fly his plane. Overlooked in the urging of this point is that Nelson allowed

petitioner to fly his plane while he was teaching him how to spray. Stevens testified that he did not ask for pay for his services upon the advice of his lawyer. In view of the entire record submitted, the board's finding that Stevens was in the employ of Nelson at the time of the accident was supported by substantial evidence.

We find no merit, after a thorough review of the record, in relator's charge of the compensation judge's "obvious bias and prejudice." We agree with the observation of the board that the compensation judge exercised considerable judicial restraint under all of the circumstances.

Respondent is allowed $350 attorneys fees.

Affirmed.